UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-23616-CIV-ALTONAGA/Reid

**ANTHONY SHNAYDERMAN**; *et al.*,

    Plaintiffs,
v.

**OZONE NETWORKS, INC.**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. On September 20, 2024, Plaintiffs filed a Class Action Complaint and Demand for Jury Trial [ECF No. 1]. Upon review of the Complaint, the Court is left uncertain as to whether subject matter jurisdiction exists. Thus, Plaintiffs must provide additional information before the case may proceed. The Court explains.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Put differently, it is the Court's responsibility to "zealously [e]nsure that jurisdiction exists over a case, and [it] should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (alterations added; citation omitted).

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. [section] 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. [section] 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (alterations

added; citation omitted).  Plaintiffs have not clearly alleged which type of jurisdiction applies.  The five claims in the Complaint are brought under state and common law, suggesting no statutory grant or federal question jurisdiction exists.  (*See generally* Compl.).

While the Complaint alleges at length that the Court has *personal* jurisdiction over the parties, its allegations offer no insight into whether diversity jurisdiction might exist.  (*See id.* ¶¶ 27–38).  Diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000[.]"  28 U.S.C. § 1332 (alteration added).  No amount in controversy has been alleged.  (*See generally id.*).  Plaintiffs contend simply that they "have suffered damages in an amount to be determined at trial."  (*Id.* ¶ 182).  This is insufficient.

Moreover, under 28 U.S.C. section 1332, diversity jurisdiction exists only where the parties are "citizens of different States[.]"  *Id.* (alteration added).  "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated *and* of the State . . . where it has its principal place of business[.]"  28 U.S.C. 1332(c)(1) (alterations and emphasis added).  Plaintiffs allege their own citizenship in Florida (*see* Compl. ¶¶ 24–25) but allege merely that Defendant "has its principal place of business in New York" (*id.* ¶ 26).  This, too, is insufficient.

Plaintiffs bear the burden of showing that subject matter jurisdiction exists but are entitled to an opportunity to correct deficiencies in their Complaint.  *See* Fed. R. Civ. P. 8(a)(1) (requiring that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction"); *Tomlinson v. Sanofi-Aventis U.S. LLC*, No. 3:23-cv-645, 2024 WL 1641671, at *2 (M.D. Fla. Mar. 5, 2024) (explaining that "when the Court questions the amount in controversy, a party must then present evidence establishing that the amount in controversy requirement is met"); *Criswell v. Convenience Stores, Inc.*, No. 08-cv-257, 2008 WL 4098946, at *2 (M.D. Ga. Aug. 28, 2008)

CASE NO. 24-23616-CIV-ALTONAGA/Reid

(requiring litigants to "correct the deficient allegations of citizenship" where the jurisdictional allegations were "lacking").  Consequently, it is

**ORDERED** that Plaintiffs shall file a notice of clarification regarding the Court's subject matter jurisdiction by **September 27, 2024**.  Failure to do so will result in dismissal without further notice.

**DONE AND ORDERED** in Miami, Florida, this 20th day of September, 2024.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record