## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-23616-CIV-ALTONAGA/Reid

**ANTHONY SHNAYDERMAN**, *et al.*,

      Plaintiffs,

v.

**OZONE NETWORKS, INC.,**

      Defendant.

_____/

### NOTICE OF CLARIFICATION REGARDING THE COURT'S
### SUBJECT MATTER JURSIDICTION

Plaintiffs submit this Notice of Clarification, in response to the Court's September 20, 2024 "Order" [ECF No. 4], seeking clarification of subject matter jurisdiction over this action. Plaintiffs are grateful to the Court for the request and for allowing Plaintiffs to clarify this important issue in the Complaint, at this early stage. This Court has subject matter jurisdiction over this proposed national class action pursuant to: (1) 28 U.S.C. § 1332(d)(2)(A) (Class Action Fairness Act jurisdiction), (2) 28 U.S.C. § 1332(a)(1) (diversity jurisdiction), and (3) 28 U.S. Code § 1367 (supplemental jurisdiction).

*First,* this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because this is a class action for a sum exceeding $5,000,000.00, exclusive of interest and costs, and in which at least one class member is a citizen of a state different than Defendant. Plaintiffs Shnayderman and Bronshtein are citizens of Florida and are not citizens of New York or Delaware, and seek to represent a nationwide class of purchasers of OpenSea's NFTs. In the month of August, 2024, Defendant's monthly user count was 123,358 users and 788,393 NFTs were sold that month. *See* Class Action Complaint and Demand for Jury Trial

[ECF No. 1] at ¶ 109-10. The aggregate damages to the members of the New York, Florida, and nationwide classes exceeds $5,000,000.

**Second**, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as Plaintiffs Shnayderman, a Florida citizen, brings his individual claims against Ozone Networks, Inc., a corporation that is not a citizen of Florida because it is incorporated in Delaware, with its principal place of business in New York, and, given the nature of the claims, the amount in controversy is greater than $75,000.00, exclusive of interest and costs. There can be no dispute that Plaintiff Shnayderman has already suffered possible damages exceeding $75,000.  For example, in just one of his many transactions on Defendant Ozone Networks, Inc.'s OpenSea.io website, Plaintiff Shnayderman purchased an NFT "unregistered security" for the price of 108 ETH or $275,256.36.

For diversity jurisdiction, a natural person's citizenship is equivalent to domicile. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom....'" *Id.* at 1257–58 (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir.1974)). Plaintiff Anthony Shnayderman is a citizen of the State of Florida because he is domiciled in Miami Beach, Florida. Plaintiff Itai Bronshtein is also a citizen of the State of Florida, because he is also domiciled in Miami Beach, Florida.

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S. Code § 1332(c)(1). A corporation's principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities […] the corporation's 'nerve center.' And in practice it should normally be the place where the corporation

maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Defendant Ozone Networks, Inc., is incorporated in the State of Delaware[1] and therefore is a citizen of Delaware. Defendant has its headquarters, principal executive office,[2] and principal office[3] at 228 Park Avenue South #22014, New York, NY, United States, 10003. Therefore, pursuant to 28 U.S. Code § 1332(c)(1), Defendant is a citizen of both Delaware and New York.

  ***Finally,*** this Court has 28 U.S. Code § 1367 supplemental jurisdiction over Plaintiff Bronshtein's claims, because his claims are part of the same case or controversy as Plaintiff Shnayderman's—both Plaintiffs purchased similar NFT "unregistered securities" from Defendant and suffered similar damages as a result.

  "[W]here the other elements of [diversity] jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549 (2005).

---

[1] Defendant was incorporated in State of Delaware as a domestic general corporation on November 14, 2017. The file number with the Department of State: Division of Corporations is 6615905.

[2] In filing as a foreign business corporation with the New York State Department of State, Defendant indicated that its "Principal Executive Office Address" was 228 Park Avenue South #22014, New York, NY, United States, 10003.

[3] In filing as a foreign corporation authorized to transact business in Florida with the Florida Department of State, Defendant indicated that its "principal office street address" was 228 Park Avenue South #22014, New York, NY, United States, 10003.

**Dated: September 27, 2024**

Respectfully submitted,

**By: /s/ Adam Moskowitz**
Adam M. Moskowitz
Florida Bar No. 984280
Joseph M. Kaye
Florida Bar No. 117520
Howard M. Bushman
Florida Bar No. 364230
**THE MOSKOWITZ LAW FIRM, PLLC**
3250 Mary Street, Suite 202
Coconut Grove, FL 33133
Telephone: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com
howard@moskowitz-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on September 27, 2024, via the Court's CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280