UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANTHONY SHNAYDERMAN, *et al.*,
on behalf of themselves and all others
similarly situated,

       Plaintiffs,                         Case No. 1:24-cv-23616

v.

OZONE NETWORKS, INC.
(d/b/a OPENSEA),

       Defendants.
_____/

**DEFENDANT'S MOTION TO BIFURCATE BRIEFING IN RESPONSE TO PLAINTIFFS' COMPLAINT**

Defendant, Ozone Networks, Inc. (d/b/a OpenSea) ("OpenSea"), by and through undersigned counsel, hereby requests entry of an Order bifurcating OpenSea's briefing in response to the Complaint filed by Plaintiffs, Anthony Shnayderman and Itai Bronshtein (collectively, "Plaintiffs").

Plaintiffs filed the instant lawsuit based on their alleged purchases of non-fungible tokens ("NFTs") utilizing OpenSea's platform. However, prior to purchasing any NFT on the platform, Plaintiffs agreed to arbitrate all claims related to their relationship with OpenSea in JAMS—and to delegate the issue of arbitrability to the JAMS arbitrator. *See* opensea.io/tos ("You agree that any dispute, controversy, or claim relating . . . to any aspect of your relationship with OpenSea, will be resolved by binding arbitration, rather than in court, including threshold questions of the arbitrability of such dispute…"). Accordingly, OpenSea intends to promptly move to compel Plaintiffs to arbitrate their claims in the agreed-upon forum.

1

While OpenSea has a number of defenses available under Federal Rule of Civil Procedure 12(b)(6), OpenSea submits that it would be inefficient for the parties and the Court to address those issues until the Court has ruled on OpenSea's Motion to Compel Arbitration. OpenSea respectfully submits that once it moves to compel arbitration, the case is likely to proceed on one of the two paths identified below. Under either scenario, it makes little sense for the Court to address Rule 12(b) issues now.

In the first path, the Motion to Compel Arbitration is granted, which would render moot any other Rule 12(b) arguments. *See Terminix Int'l Co. Ltd. P'ship v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1333 (11th Cir. 2005) (holding that where parties have contracted to have an arbitrator determine arbitrability, it is unnecessary for the court to reach other issues); *see also* Order Den. as Moot Def.'s Mot. to Dismiss Compl., *Ramirez v. Shein US Servs., LLC*, No. 1:24CV22002 (S.D. Fla. July 9, 2024), ECF No. 15 (Altonaga, J.) (reasoning that "a finding that Plaintiff's claims are properly resolved in arbitration would render the Motion to Dismiss moot"). The litigation would then be subject to a mandatory stay while Plaintiffs have an opportunity to pursue their claims before JAMS or voluntarily dismiss the case entirely. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (holding that when a district court finds that a lawsuit involves an arbitrable dispute, the court shall stay the court proceeding).

In the second path, if the Motion to Compel Arbitration is denied, that decision is likely to be appealed by OpenSea, in which case this litigation will be subject to a mandatory stay pending the appeal. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740, 747 (2023) (holding that "after [Defendant] appealed from the denial of its motion to compel arbitration, the District Court was required to stay its proceedings"); *Blinco v. Green Tree Servicing, LLC*, 366 F. 3d 1249, 1253 (11th Cir. 2004) ("[I]t makes little sense for the litigation to continue in the district court while the appeal

is pending."). There would be no need (or ability) for the parties or the Court to address Rule 12(b)(6) issues until after any appeals of an order denying the Motion to Compel Arbitration were exhausted.

Accordingly, OpenSea respectfully requests the Court to issue an Order to bifurcate briefing in response to Plaintiffs' Complaint,[1] such that OpenSea would first file its Motion to Compel Arbitration on or before its present deadline to respond to the Complaint (i.e., November 14, 2024 (D.E. 17)), and the time for OpenSea to file its Motion to Dismiss or otherwise respond to the Complaint would be extended to a date following the Court's ruling on the Motion to Compel Arbitration, if such a response becomes necessary.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3), the undersigned attorney certifies that counsel for OpenSea has conferred with Plaintiffs' counsel through a teleconference and in writing in a good faith effort to resolve the issues raised in this Motion, but the parties were unable to come to a resolution.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

.

---

[1] This Court is empowered to bifurcate briefing pursuant to its "inherent authority to manage its own docket so as to achieve the orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (internal quotation and citation omitted).

Date:     October 24, 2024

                                                    Respectfully submitted,

/s/ *Daniel T. Stabile*
WINSTON & STRAWN LLP

Daniel T. Stabile, Esq. (FBN 95750)
DStabile@winston.com
Gabriela A. Plasencia (FBN 115788)
GPlasencia@winston.com
200 S. Biscayne Blvd.,
24th Floor Miami, FL 33131
Tel.: (305) 910-0500
Fax: (305) 910-0505

Thania (Athanasia) Charmani
(*pro hac vice*)
ACharmani@winston.com
200 Park Avenue
New York, NY 10166
Tel.: 212-294-4623

*Attorneys for Defendant Ozone Networks, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2024, the foregoing document was electronically filed with the Clerk of this Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

                                                    /s/ *Daniel T. Stabile*
                                                    Daniel T. Stabile