**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ANTHONY SHNAYDERMAN, *et al.*,
on behalf of themselves and all others
similarly situated,

                Plaintiffs,                           Case No. 1:24-cv-23616

v.

OZONE NETWORKS, INC.
(d/b/a OPENSEA),

                Defendant.

_____/

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO BIFURCATE BRIEFING IN RESPONSE TO PLAINTIFFS' COMPLAINT**

In its Motion to Bifurcate Briefing (ECF No. 18 (the "Motion")), OpenSea[1] requested that the Court permit OpenSea to first file its Motion to Compel Arbitration, deferring Rule 12(b) issues to a later date if such briefing becomes necessary. Plaintiffs' "Brief Response" (ECF No. 20 (the "Response")) fails to address any of the arguments or issues raised in the Motion, conceding that bifurcation is appropriate. Instead, Plaintiffs utilize their Response to ask the Court to permit the deposition of an OpenSea corporate representative on "specific limited topics" and seek documents relating to OpenSea's forthcoming Certificate of Interested Parties.

Particularly because Plaintiffs have not articulated any reason why OpenSea's request for bifurcation should be denied (or even stated that they oppose the request), the Court should grant the Motion and permit OpenSea to file its standalone Motion to Compel Arbitration on its present deadline to respond to the Complaint—November 14, 2024.

---

[1] Unless otherwise defined in this Reply, defined terms have the same meaning as in OpenSea's initial Motion (ECF No. 18).

## I.      OPENSEA'S MOTION TO BIFURCATE IS UNOPPOSED.

Bifurcation is appropriate because it would be inefficient for the parties to brief—and for the Court to address—Rule 12(b) issues prior to ruling on OpenSea's forthcoming Motion to Compel Arbitration. As OpenSea explained in its Motion: (i) if the Motion to Compel Arbitration is granted, any Rule 12(b) arguments would be rendered moot (Motion at 2), and (ii) if the Motion to Compel Arbitration is denied, the decision is likely to be appealed, in which case this litigation will be subject to a mandatory stay pending appeal (Motion at 2-3 (citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023))). In their Response, Plaintiffs do not address whether bifurcation is appropriate, and therefore do not oppose it.  *See Jones v. Bank of America*, 564 Fed. App'x 432, 434 (11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.") (quoting *Kramer v. Gwinnett Cnty.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004)).  Accordingly, the Motion should be granted.

## II.     THE DISCOVERY REQUESTS IN PLAINTIFFS' RESPONSE ARE IMPROPER AND UNNECESSARY.

The Court should decline to consider (or should deny) the discovery requests raised in the Response. Plaintiffs attach to their Response a Rule 30(b)(6) deposition notice identifying six deposition subjects. ECF No. 20-1. They also vaguely seek unspecified documents purportedly "responsive" to "the disclosures OpenSea is required to produce by November 4." Response at 1. The Court should deny these requests because they are procedurally improper, premature, and unnecessary.

*First*, a response to a motion is not an accepted mechanism for a party to serve discovery requests. Plaintiffs have not served OpenSea, in the ordinary course of litigation, with a request for documents pursuant to Federal Rule of Civil Procedure 34 or a corporate representative

deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6).  Moreover, under Chief Judge Altonaga's discovery procedures, "Discovery motions are not permitted."[2]

*Second*, Plaintiffs' discovery requests are premature because the parties have not yet held a Rule 26(f) conference.  *See Rivera v. R.A.W. Constr., L.L.C.,* No. 18-61526-CIV, 2019 WL 2253393, at *1 (S.D. Fla. Feb. 25, 2019) ("Rule 26(d)(1) prohibits a party from serving [discovery requests] until after the parties' Rule 26(f) conference.").

*Third*, even if the Court were willing to entertain Plaintiffs' discovery requests at this time, they should be denied because they are unnecessary to resolve the issues before the Court. With respect to Plaintiffs' vague request for "documents which specifically relate to the disclosures OpenSea is required to provide by November 4[th]" (Response at 1), Plaintiffs appear to be referring to OpenSea's forthcoming Certificate of Interested Parties. Plaintiffs offer no explanation as to which documents they are seeking, why that information would be relevant to OpenSea's not-yet-filed Motion to Compel Arbitration, or why discovery in connection with a party's conflict disclosure submission would be appropriate. OpenSea will submit its Certificate of Interested Parties in due course.

With respect to the six "specific limited topics" identified in Plaintiffs' proposed Rule 30(b)(6) deposition, topics 4-6 appear to be targeted—like Plaintiffs' document request—at information regarding the forthcoming Certificate of Interested Parties and therefore are an inappropriate subject of discovery, certainly at this time. That leaves only topics 1-3, which seek information regarding OpenSea's agreements with the Plaintiffs (topic 1), "the total number of customers who have invoked any of the arbitration provisions or procedures" (topic 2), and "the

---

[2] Judicial Practice Survey, *Cecilia Maria Altonaga*, District Judge, THE FLA. BAR, https://www.floridabar.org/directories/courts/fed-corner/fcpc-guide/fcpc-survey/?doc=a2k1R000003awGkQAI.

total number of users who executed trades on the OpenSea Platform during the Class Period" (topic 3). But none of this discovery is necessary. As OpenSea will explain in its forthcoming Motion to Compel Arbitration, Plaintiffs repeatedly and affirmatively agreed to OpenSea's Terms of Service, which (during the entire period relevant to the Complaint) contained a mandatory arbitration clause, not only requiring Plaintiffs to arbitrate before JAMS any dispute "relating in any way" to their "access or use of" OpenSea's platform and "any aspect of [their] relationship with OpenSea",[3] but also to delegate the issue of arbitrability to the arbitrator.[4]

Therefore, even the threshold issue of arbitrability is for the arbitrator to determine, and in the event the Court elects to substantively engage in the validity and enforceability of the arbitration agreement, the information sought by Plaintiffs is unnecessary for the Court to resolve the straightforward issues and compel arbitration.

## III.     CONCLUSION

OpenSea respectfully requests that the Court grant its (now uncontested) Motion and permit OpenSea to first file its Motion to Compel Arbitration on or before its present deadline to respond to the Complaint (*i.e.*, November 14, 2024), and, if necessary, to otherwise respond to the Complaint at a later date. To the extent the Court is willing to entertain Plaintiffs' improper and premature requests for document discovery and deposition testimony, they should be denied.

---

[3] OpenSea Terms of Service, https://opensea.io/tos ("You agree that any dispute, controversy, or claim relating in any way to your access or use of the Service, to any products sold or distributed through the Service, or to any aspect of your relationship with OpenSea, will be resolved by binding arbitration, rather than in court…").

[4] *See id.* ("The arbitrator shall have exclusive authority to (a) determine the scope and enforceability of this Arbitration Agreement and (b) resolve any dispute related to the interpretation, applicability, enforceability, or formation of this Arbitration Agreement including, but not limited to, any claim that all or any part of this Arbitration Agreement is void or voidable."

Date:    October 29, 2024

Respectfully submitted,

/s/ Daniel T. Stabile
WINSTON & STRAWN LLP

Daniel T. Stabile, Esq. (FBN 95750)
DStabile@winston.com
Gabriela A. Plasencia (FBN 115788)
GPlasencia@winston.com
200 S. Biscayne Blvd.,
24th Floor Miami, FL 33131
Tel.: (305) 910-0500
Fax: (305) 910-0505

Thania (Athanasia) Charmani
(*pro hac vice*)
ACharmani@winston.com
200 Park Avenue
New York, NY 10166
Tel.: 212-294-4623

*Attorneys for Defendant Ozone Networks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2024, the foregoing document was electronically filed with the Clerk of this Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Daniel T. Stabile
Daniel T. Stabile